HAROLD M. JAFFE, ESQ.
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendant VICTORIA RANDLETT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD J. HITCH,

    Plaintiff,

vs.

VICTORIA RANDLETT, and DOES 1 through 50, inclusive,

    Defendants.

CASE NO. CV 08 1397
[Alameda County Superior Court Case No. RG08-370390]

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION AND DEMAND FOR JURY TRIAL - RULE 3-6**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:

**PLEASE TAKE NOTICE** that defendant, VICTORIA RANDLETT ("RANDLETT"), hereby removes this action from Alameda County Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1441. Removal is warranted because this case is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §1332(d).

The removal of this action is based on the following:

1.     This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.     On February 8, 2008, plaintiff RONALD J. HITCH ("HITCH") commenced this action against defendant RANDLETT by filing a Complaint in the Alameda County Superior Court of the State of California entitled <u>Hitch v. Randlett, et al.</u>, Case No. RG08-370390 (the "Action").

1  True and correct copies of the Complaint and Notice of Pendency of Action filed in this action are
2  attached hereto as **Exhibits A-1** and **A-2**, respectively. No further proceedings have occurred in this
3  Action.

4      3.    The Complaint asserts claims for declaratory relief, partition of real property and
5  accounting, equitable title based on constructive or resulting trust, and injunctive relief. See
6  Complaint.

7  **A.**    **Removal of this Action to the United States District Court for the Northern District of California Pursuant to 28 U.S.C. §1332(d) is Proper.**
8

9      4.    As is set forth in plaintiff's complaint, defendant RANDLETT, was at the time of the
10 filing of plaintiff's complaint a resident of the State of Nevada (Complaint, 2:14). Therefore,
11 removal is proper under 28 U.S.C. §1332(d), because diversity of citizenship exists. The aggregate
12 amount in controversy exceeds $75,000.00. This case satisfies the requirement of 28 U.S.C. §1332 -
13 that more than $75,000 be in controversy (See Complaint, *inter alia*, 3:17, 4:3, 4:7, 5:21).

14 **B.**    **The Procedural Requirements Under the Removal Statute and the Local Rules are Satisfied.**
15

16     **1.**    **This Notice Was Filed Within 30 Days.**

17     5.    Section 1446 of title 28 of the U.S.C. requires a removing party to file a notice of
18 removal within 30 days of receipt by the defendant of the complaint. The earliest defendant
19 RANDLETT could have been deemed to receive service of the Complaint was on February 14, 2008,
20 when she received a copy of the Complaint by certified mail. Defendant RANDLETT is filing this
21 Notice of Removal on March 12, 2008, within 30 days of service of the complaint.[1] Removal is
22 being accomplished within thirty days of February 24, 2008.

23     **2.**    **Jurisdiction.**

24     6.    Civil Local Rule 3-5(a) requires a separate paragraph entitled "Jurisdiction."
25 Jurisdiction is proper because: 1) minimal diversity exists under 28 U.S.C. §1332; 2) the amount in

26 _____

27 [1] Service in this case was attempted pursuant to CCP §415.40 entitled *Service of Person Outside a State*. The Complaint was received by RANDLETT on February 14, 2008, and
28 pursuant to CCP §415.40 would not be complete until ten days later or February 24, 2008.

1  controversy exceeds $75,000.00.

### 3. Venue.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §93(c) because it is the "district and division within which such action is pending." See 28 U.S.C. §1446(a).

### 4. Intradistrict Assignment.

8.  Civil Local Rule 3-5(b) requires a separate paragraph entitled "Intradistrict Assignment." This action is currently pending in the Alameda County Superior Court. The United States District Court for the Northern District of California embraces Alameda County and therefore, the Northern District of California is a proper venue for the action. 28 U.S.C. §84(a); 28 U.S.C. §1446(a). Assignment to this court is proper under the Civil Local Rules because the action arises in Alameda County, Civil Local Rule 3-5(b), 3-2(c) and (d).

### 5. Consent to Removal.

9.  Defendant RANDLETT, the only defendant in this action, consents to the removal of this action to this Court.

### 6. No Prior Request.

10. No previous request has been made for the relief requested herein.

### 7. Notice to State Court and Adverse Party.

11. Defendant RANDLETT is filing written notice of this removal with the Clerk of the State Court in which the Action is currently pending pursuant to 28 U.S.C. §1446(d). Defendant is serving a copy of Notice to Adverse Party of Removal to Federal Court, together with this Notice of Removal, upon the plaintiff pursuant to 28 U.S.C. §1446(d). A copy of the Notice to Clerk of the Superior Court of Alameda and to Adverse Party of Removal to Federal Court that will be filed is attached as **Exhibit B**. Defendant will separately file a proof of service with this Court once it serves the Notice to the Clerk of the Superior Court of Alameda County and to Adverse Party of Removal to Federal Court on the parties.

### 8. Demand for Trial by Jury.

12. Defendant RANDLETT hereby demands trial by jury. FRCP 38(b); Civil Local Rule 3-6.

1 | **WHEREFORE,** defendant, VICTORIA RANDLETT, hereby removes the Action now
2 | pending against her in the Superior Court of the State of California, County of Alameda, to this
3 | Honorable Court.

4

5 | DATED: March 11, 2008

*Harold M. Jaffe*
HAROLD M. JAFFE, ESQ., Attorney for Defendant
VICTORIA RANDLETT

```
                                              FILED BY FAX
                                              ALAMEDA COUNTY
 1  JEFFERSON FRAZIER, State Bar No. 40803     February 08, 2008
    LAW OFFICES OF JEFFERSON FRAZIER
 2  3824 Grand Avenue, Suite 200               CLERK OF
    Oakland, California  94610                 THE SUPERIOR COURT
 3  Telephone: 510-763-4400                    By Rosanne Case, Deputy
    Facsimile: 510-763-4420                    CASE NUMBER:
 4  email: frazlaw@yahoo.com                   RG08370390

 5  Attorney for Plaintiff
    RONALD J. HITCH
 6
```

<br>

7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        COUNTY OF ALAMEDA
10                       NORTHERN DIVISION

11  RONALD J. HITCH,                    )
12                                      )   Case No.
                                        )
13           Plaintiff,                 )
                                        )
14  vs.                                 )   **COMPLAINT FOR
                                        )   DECLARATORY RELIEF,
15                                      )   PARTITION OF REAL
                                        )   PROPERTY AND FOR AN
16                                      )   ACCOUNTING, FOR EQUITABLE
                                        )   TITLE OR EQUITABLE LIEN,
17                                      )   AND FOR AN INJUNCTION**
                                        )
18                                      )
    VICTORIA RANDLETT, and              )
19  DOES 1 through 50,                  )
    INCLUSIVE,                          )
20                                      )
           Defendants.                  )
21  _____)

22  Plaintiff RONALD J. HITCH, by way of this <u>verified</u> Complaint,
23  alleges as follows:
24                     **GENERAL ALLEGATIONS**
25       1.  Plaintiff RONALD C. HITCH is a resident of Alameda County,
26  California, and the equitable owner of that certain real property
27  with improvements which is commonly known as 5614 Picardy Drive,
28  Oakland California (referred to in this Complaint as the "PICARDY

EXHIBIT A-1

1  PROPERTY"). Said property is more particularly described as:

2

3      **Lot 10, "Map of Normandy Garden, Oakland", filed**
4  **February 18, 1926, Map Book 5, Page 45, Alameda County Records**
5  **(AP No. 038-3171-012).**
6  Said property consists of a single-family residence with other
7  improvements.

8      2. Plaintiff HITCH purchased the PICARDY PROPERTY in or about
9  February 1997, from Emilia Levin Vilenski, for the sum of
10 approximately $169,000. HITCH took subject to the existing first
11 deed of trust, and gave the seller a note secured by a deed of
12 trust in second position in the amount of $98,586, due August 30,
13 1999. The down payment was made solely out of Plaintiff's funds.

14     3. Defendant VICTORIA RANDLETT is a resident of Reno, Nevada.
15 From in or about 1996, when she divorced her then husband to be
16 with Plaintiff, until in or about August 2005, Plaintiff and
17 Defendant RANDLETT enjoyed a close and intimate personal
18 friendship. From 1997 until approximately January 2001 RANDLETT
19 lived with Plaintiff at the PICARDY PROPERTY while Defendant was in
20 graduate school, and Plaintiff paid all the bills for the property.

21     4. At some time between 1997 and 1999, Plaintiff HITCH asked
22 Defendant RANDLETT to take legal title to the PICARDY PROPERTY
23 solely for credit reasons and she agreed. At all times
24 herein mentioned Defendant RANDLETT has held title in constructive
25 trust as to a one-half interest for Plaintiff HITCH, with a duty to
26 convey all of her right, title and interest in the PICARDY PROPERTY
27 upon demand and an accounting.

28     5. Pursuant to an executed verbal agreement of the parties,

**COMPLAINT FOR DECLARATORY RELIEF**    2

1  made in or about December 1999, they agreed to become 50-50
2  partners in the PICARDY PROPERTY, until such time as the parties
3  ended their relationship, at which time Plaintiff would have a
4  right to an accounting, and to purchase Defendant RANDLETT's one-
5  half interest PICARDY DRIVE.

6. Plaintiff and Defendant have refinanced the PICARDY PROPERTY several times, each time withdrawing money from the loan proceeds. At the present time the PICARDY PROPERTY is encumbered by a first deed of trust in favor of Wachovia Bank, formerly World Savings, in the original amount of $310,000, recorded on July 12, 2007, in the Official Records of Alameda County, California, as Instrument No. 2007-256669.

7. At all times since February 1997 Plaintiff HITCH has resided in the PICARDY PROPERTY, and paid all the expenses of the property. In addition, Plaintiff provided labor and materials to make improvements to the property in the approximate amount of $50,000, for which RANDLETT has never reimbursed Plaintiff. At all times since 1997 the parties both considered the PICARDY PROPERTY to be Plaintiff's home.

8. Since 1999, Defendant RANDLETT has received loan proceeds out of the PICARDY PROPERTY in the total amount of approximately $138,117, for which she has never reimbursed Plaintiff.

9. On or about December 6, 2000, Plaintiff HITCH and Defendant RANDLETT together purchased that certain real property consisting of a single family residence with improvements commonly known as 984 University Terrace, Reno, Nevada 89503 (the RENO PROPERTY). Although record title to this property was put in RANDLETT's name, for credit reasons, Plaintiff HITCH at all times herein mentioned

COMPLAINT FOR DECLARATORY RELIEF    3

1 was an owner of a one-half interest in the RENO PROPERTY, pursuant
2 to the executed oral agreement of the parties.  In reliance on this
3 agreement, Plaintiff expended the sum of approximately $77,000 in
4 labor and materials in improvements to the RENO PROPERTY, for which
5 Defendant RANDLETT is obligated to reimburse him.  In addition, the
6 money used to purchase the RENO PROPERTY, in the approximate amount
7 of $17,858, came out of the PICARDY PROPERTY.
8     10.  At all times since January 9, 2001, Defendant RANDLETT has
9 resided in the Nevada property, and has made all of the payments
10 relating to that property, including mortgage, insurance and taxes.
11 Plaintiff HITCH has at all time since that time had a key and
12 complete access to that property as an equal owner, and has stayed
13 there on many occasions.
14     11.  On or about January 4, 2008, Defendant RANDLETT unlawfully
15 and in violation of the parties' agreement, demanded that Plaintiff
16 HITCH vacate the PICARDY PROPERTY on or before February 15, 2008,
17 or sign a rental agreement.
18     12.  Plaintiff does not know the true names or capacities
19 of Defendants DOES 1 through 50, and therefore sues said
20 Defendants by such fictitious names.  Plaintiff will amend this
21 Complaint to show their true names and capacities when they have
22 been ascertained.  DOES 1 through 24 have, or claim to have, some
23 right, title, or interest in the real property which is the subject
24 of this lawsuit.  DOES 25 through 50 were the agents or employees
25 of other actually-named or fictitiously-named Defendants, and, in
26 doing the acts and omissions hereinafter alleged, were acting
27 in the course and scope of their agency and employment, and with
28 the permission and consent or other actually-named or fictitiously-

COMPLAINT FOR DECLARATORY RELIEF    4

1 named Defendants.

2

### FIRST CAUSE OF ACTION

### (For Declaratory Relief)

13. Plaintiff realleges and incorporates herein by this reference all of the allegations contained in the General Allegations as set forth above, paragraphs 1 through 12.

14. An actual controversy has arisen and now exists between Plaintiff HITCH and Defendant RANDLETT in that Plaintiff contends that he is entitled, in equity, and pursuant to the parties' executed oral agreement, to one-half of the right, title and interest in the PICARDY PROPERTY and the RENO PROPERTY, after an accounting, whereas Defendant RANDLETT contends that Plaintiff HITCH has no right, title or interest in either property. Plaintiff further contends that he is entitled to be reimbursed, in equity, for all the labor and material which he provided for improvements to the NEVADA PROPERTY in the amount of approximately $77,000, for the improvements he made to the PICARDY PROPERTY in the amount of approximately $50,000, and for the funds taken out of the PICARDY PROPERTY by Defendant RANDLETT in the amount of approximately $138,117.

15. Plaintiff desires a judicial determination of his rights and duties and a declaration as to whether Defendant RANDLETT has any right, title, estate, easement, license or interest in any portion of the PICARDY PROPERTY.

16. A judicial declaration of the rights and obligations of the parties is necessary and appropriate so that the continuing disputes can be resolved.

COMPLAINT FOR DECLARATORY RELIEF    5

1 WHEREFORE Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (FOR PARTITION OF REAL PROPERTY AND ACCOUNTING)

17. Plaintiff realleges and incorporates herein by this reference all of the allegations of paragraphs 1 through 12 of the General Allegations as set forth above.

18. Plaintiff is informed and believes, and on that basis alleges that the interest of record or actually known to Plaintiff that other persons have, or claim, in the Property that Plaintiff reasonably believes will be materially affected by this partition, in addition to Plaintiff HITCH and Defendant RANDLETT, is Wachovia Bank, which holds a first deed of trust on the subject property, securing a note in the original amount of $310,000.

19. The estate on which partition is sought is the estate containing the fee title to the PICARDY PROPERTY, as described in the General Allegations.

20. Plaintiff requests that the property be partitioned by sale, in that it is neither legal nor practical for the property to be physically divided.

21. Plaintiff brings this action for partition under Code of Civil Procedure Section 872.010 *et seq.* for the common benefit of the parties, to preserve and secure to both Plaintiff and Defendant RANDLETT their respective rights and interests in the PICARDY PROPERTY. Plaintiff has incurred and will incur costs of partition herein, including reasonable attorney fees and other costs for the common benefit, for which he is entitled to be reimbursed by Defendant RANDLETT.

1    22.  Plaintiff has been compelled to order a title search prior
to filing this Complaint, which will be made available to Defendant
RANDLETT upon request, and is entitled to be reimbursed by
Defendant for her proportionate share of the reasonable cost
thereof, with interest on that amount from the date of filing of
this Complaint.

23.  Plaintiff is entitled to an accounting of all monies
expended by Plaintiff or Defendant in connection with the PICARDY
PROPERTY, or by Plaintiff in connection with the RENO property, and
of all monies received by Defendant RANDLETT in the form of loan
proceeds from PICARDY DRIVE, as a credit against any interest of
Defendant RANDLETT in the PICARDY PROPERTY.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(FOR EQUITABLE TITLE BASED ON CONSTRUCTIVE TRUST OR RESULTING TRUST OR TO IMPOSITION OF AN EQUITABLE LIEN)**

24.  Plaintiff realleges and incorporates herein by this reference all of the allegations of paragraphs 1 through 12 of the General Allegations.

25.  Plaintiff is entitled, in equity, either to ownership of the PICARDY PROPERTY pursuant to the doctrine of resulting trust or constructive trust, or to an equitable lien against any interest by Defendant RANDLETT in the PICARDY PROPERTY as set forth above, and that said equitable lien be foreclosed.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(FOR INJUNCTIVE RELIEF AGAINST DEFENDANT RANDLETT AND HER AGENTS)**

26.  Plaintiff realleges and incorporates herein by this

COMPLAINT FOR DECLARATORY RELIEF    7

```
 1  reference all of the allegations contained in paragraphs 1
 2  through 12 of the General Allegations.
 3       27.  Plaintiff has no plain, simple or adequate remedy
 4  at law.
 5       28.  Unless enjoined by this Court, Plaintiff is informed
 6  and believes and on that basis alleges that Defendant RANDLETT
 7  will serve eviction notices on Plaintiff and proceed with an
 8  unlawful detainer action against Plaintiff for possession of the
 9  PICARDY DRIVE property.
10       29.  Accordingly, Plaintiff asks the Court, under its
11  equitable powers, to enter a temporary injunction against Defendant
12  RANDLETT, and her agents, enjoining said Defendant, and her agents,
13  from commencing or proceeding with an unlawful detainer action
14  against Plaintiff HITCH until this action can be resolved.
15  WHEREFORE Plaintiff prays for judgment as follows:
16  ON THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:
17       1.  That the Court enter a judgment declaring the rights
18  and obligations of the parties, and finding that Defendant RANDLETT
19  has only a one-half interest in the PICARDY PROPERTY, and
20  that Plaintiff HITCH is the owner of said property in fee simple,
21  as to a one-half interest, with the right to purchase Defendant
22  RANDLETT's one-half interest after an accounting.
23       2.  For costs of suit.
24       3.  For such other and further relief as the Court
25  deems just and proper in the premises.
26  ON THE SECOND CAUSE OF ACTION FOR PARTITION:
27       1.  That the Court enter an interlocutory decree of partition,
28  establishing the fair market value of the PICARDY PROPERTY, and
```

COMPLAINT FOR DECLARATORY RELIEF    8

|   |   |
|---|---|
| 1 | enforcing Plaintiff's right to buy out Defendant RANDLETT's one- |
| 2 | half interest in the property. |
| 3 |     2.   Alternatively, that the Court order the PICARDY PROPERTY |
| 4 | be listed and sold, and the proceeds divided according to the |
| 5 | respective rights of the parties, and appointing a referee to |
| 6 | supervise the sale. |
| 7 |     3.   For Defendant's pro rata share of the expenses reasonably |
| 8 | incurred by Plaintiff in obtaining a title report, in the amount of |
| 9 | $175, together with interest on said sum from February 7, 2008. |
| 10 |     4.   That the costs of partition and of this action, including |
| 11 | reasonable attorney fees for the common benefit, and the expenses |
| 12 | of referees and other disbursements, be ordered paid by the parties |
| 13 | in proportion to their respective interests, and that the costs be |
| 14 | included and specified in the judgment, and become a lien upon the |
| 15 | respective interests of the parties. |
| 16 |     5.   For an accounting of credits and debits for the Plaintiff |
| 17 | and Defendant RANDLETT. |
| 18 |     6.   For costs of suit. |
| 19 |     7.   For such other and further relief as the Court deems |
| 20 | just and proper in the premises. |

**ON THE THIRD CAUSE OF ACTION FOR EQUITABLE TITLE OR AN EQUITABLE LIEN AFFECTING THE PICARDY PROPERTY:**

    1.   That the Court find that Plaintiff HITCH holds equitable title to the PICARDY PROPERTY, which should be recognized as legal title, pursuant to the doctrines of resulting trust or constructive trust.

    2.   Alternatively, that the Court find that Plaintiff HITCH is entitled to an equitable lien against Defendant RANDLETT and

COMPLAINT FOR DECLARATORY RELIEF    9

```
 1   1 against the PICARDY PROPERTY, as set forth above.
 2   2      3.  For such other and further relief as the Court deems
 3   3 just and proper in the premises.
 4   4      4.  For costs of suit.
 5   5 ON THE FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF:
 6   6      1.  That the Court enter a temporary restraining order,
 7   7 preliminary injunction, and permanent injunction restraining
 8   8 Defendant RANDLETT, and all of her agents, from initiating or
 9   9 prosecuting an unlawful detainer action against Plaintiff
10  10 involving the PICARDY PROPERTY.
11  11      2.  For costs of suit.
12  12      3.  For such other and further relief as the Court deems
13  13 just and proper in the premises.
14  14 DATED: February 7, 2008
15  15                          LAW OFFICES OF JEFFERSON FRAZIER
16  16
17  17                          By: _____
18  18                                  Jefferson Frazier
```

COMPLAINT FOR DECLARATORY RELIEF    10

**VERIFICATION**

RONALD J. HITCH declares:

1. I am an individual who resides in Alameda County, California, and the Plaintiff in the above-entitled lawsuit, entitled <u>Hitch v. Randlett.</u>

2. I have read the foregoing **COMPLAINT**.

3. I declare that the Matters set forth therein are true of my own knowledge, except as to the matters stated on information and belief, and as to these matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 7th, 2008

_____
RONALD J. HITCH

RCD



1  JEFFERSON FRAZIER, State Bar No. 40803
   LAW OFFICES OF JEFFERSON FRAZIER
2  3824 Grand Avenue, Suite 200
   Oakland, California 94610
3  Telephone: 510-763-4400
   Facsimile: 510-763-4420
4  frazlaw@yahoo.com

5  Attorney for Plaintiff
   RONALD J. HITCH

FILED
ALAMEDA COUNTY
FEB 13 2008
CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

NORTHERN DIVISION

RONALD J. HITCH,

        Plaintiff,

vs.

VICTORIA RANDLETT, and Does 1 through 50, inclusive,

        Defendants.

Case No. RG08370390

**NOTICE OF PENDENCY OF ACTION**

NOTICE IS HEREBY GIVEN THAT on February 8, 1008 Plaintiff RONALD J. HITCH commenced this action against Defendant VICTORIA RANDLETT and Does 1 through 50, and is now pending.

The Complaint alleges a real property claim affecting real property located in Alameda County, California, commonly known as 5614 Picardy Drive, Oakland, California, and described as as follows:

NOTICE OF PENDENCY OF ACTION     1

EXHIBIT A-2

1  "Lot 10, "Map of Normandy Garden, Oakland", filed
2  February 18, 1926, Map Book 5, Page 45, Alameda County
3  Records"
4  Assessor's Parcel No. 038-3171-012
5      The Complaint seeks declaratory relief, partition of
6  real property and for an accounting, for equitable title or
7  equitable lien, and for an injunction.
8  Dated: February 11, 2008

   Jefferson Frazier
   Attorney for Plaintiff

NOTICE OF PENDENCY OF ACTION                 2

1  HAROLD M. JAFFE, ESQ.
   CASB #57397
2  3521 Grand Avenue
   Oakland, CA 94610
3  Tel: (510) 452-2610
   Fax: (510) 452-9125
4
   Attorney for Defendant VICTORIA RANDLETT
5

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11 RONALD J. HITCH,                    CASE NO. RG08 370390

12                                     NOTICE TO THE CLERK OF THE SUPERIOR
          Plaintiff,                   COURT OF ALAMEDA COUNTY AND TO
13                                     ADVERSE PARTY OF REMOVAL TO
   vs.                                 FEDERAL COURT
14

15 VICTORIA RANDLETT, and DOES 1
   through 50, inclusive,
16

17        Defendants.
                                    /
18

19        TO THE CLERK OF THE SUPERIOR COURT OF ALAMEDA COUNTY,

20 CALIFORNIA, AND TO PLAINTIFF, RONALD J. HITCH, AND HIS COUNSEL OF

21 RECORD:

22        **PLEASE TAKE NOTICE** that on March 12, 2008, defendant VICTORIA RANDLETT,

23 filed a Notice of Removal of this Action in the United States District Court for the Northern District

24 of California. A copy of the Notice of Removal is attached hereto as **Exhibit A**. The assigned case

25 number is _____. This Notice, together with the Notice of Removal, is being served on

26 plaintiff and filed in the Superior Court of the State of California, County of Alameda.

27        **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1446(d), upon filing

28 the Notice of Removal with the Clerk of the United States District Court for the Northern District

                                          1
                 NOT. TO CLERK/ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

EXHIBIT B

1 | of California, and filing copies thereof with this Court, defendant VICTORIA RANDLETT has
2 | effected the removal of this case, and the Superior Court shall take no further action unless and until
3 | the case is remanded.

4

5 | DATED: March 11, 2008

*/s/ Harold M. Jaffe*

HAROLD M. JAFFE, ESQ., Attorney for Defendant
6 | VICTORIA RANDLETT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RONALD J. HITCH

**ORIGINAL** E-filing

### DEFENDANTS
VICTORIA RANDLETT

**(b)** County of Residence of First Listed Plaintiff  ALAMEDA, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  WASHOE COUNTY, NV
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jefferson Frazier, Esq.
3824 Grand Avenue, Ste. 200
Oakland, CA 94610
(510) 763-4400

Attorneys (If Known)

Harold M. Jaffe, Esq.
3521 Grand Avenue
Oakland, CA 94610
(510) 452-2610

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [X] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sect. 1332(d)

Brief description of cause:
Complaint asserts claims for declaratory relief, partition of real property, accounting, equitable title and injunctive relief.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Unspecified, $75K+
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: March 11, 2008

SIGNATURE OF ATTORNEY OF RECORD