**HAROLD M. JAFFE, ESQ.**

CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendant VICTORIA RANDLETT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. HITCH, | CASE NO. CV 08-1397 |
| Plaintiff, | [Alameda County Superior Court Case No. RG08-370390] |
| vs. | **DEFENDANT'S AMENDED NOTICE OF REMOVAL OF ACTION AND DEMAND FOR JURY TRIAL UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |
| VICTORIA RANDLETT, and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that defendant, VICTORIA RANDLETT ("RANDLETT"), hereby removes to this Court the state court action described below.

1. On February 8, 2008, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled <u>Ronald Hitch, Plaintiff(s) v. Victoria Randlett, et al., Defendants</u>, as Case No. RG08-370390 (the "Action"). True and correct copies of the Complaint and Notice of Pendency of Action filed in this action are attached hereto as **Exhibits A-1** and **A-2**, respectively. No further proceedings have occurred in this Action.

2. The first date upon which defendant RANDLETT received a copy of the said complaint was February 14, 2008, when RANDLETT was served by certified mail with a copy of the said complaint and a summons from the said state court. Pursuant to CCP §415.40, service was

not complete until ten days later or February 25, 2008, February 24, 2008, being a Sunday.

### A. Removal of this Action to the United States District Court for the Northern District of California Pursuant to 28 U.S.C. §§1332(d) and 1441(b) is Proper.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one of which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs (see Complaint, *inter alia*, 3:17 - 4:3, 4:7, 5:21).

4.      Defendant RANDLETT is informed and believes that plaintiff HITCH was at the time of the filing of the complaint (Ex. A-1), and still is, a citizen of the state of California, residing in Oakland, California. Defendant RANDLETT was at the time of the filing of this action, and still is, a citizen of the state of Nevada, and is the only defendant that has been served the summons and complaint in this action.

### B. The Procedural Requirements Under the Removal Statute and the Local Rules are Satisfied.

5.      Removal is proper under 28 U.S.C. §1332, because diversity of citizenship exists. The aggregate amount in controversy exceeds $75,000.00. This case satisfies the requirement of 28 U.S.C. §1332 - that more than $75,000 be in controversy (See Complaint, *inter alia*, 3:17, 4:3, 4:7, 5:21).

#### 1. This Notice Was Filed Within 30 Days.

6.      Section 1446 of title 28 of the U.S.C. requires a removing party to file a notice of removal within 30 days of receipt by the defendant of the complaint. Defendant RANDLETT received the Summons and Complaint by certified mail on February 14, 2008, and service was deemed complete on February 25, 2008. [CCP §415.40]. The original Notice of Removal was filed on March 12, 2008, within 30 days of service of the complaint, and this amended notice is being filed on March 20, 2008, both within thirty days of February 25, 2008.

#### 2. Jurisdiction.

7.      Civil Local Rule 3-5(a) requires a separate paragraph entitled "Jurisdiction."

Jurisdiction is proper because: 1) minimal diversity exists under 28 U.S.C. §§1332; 2) the amount in controversy exceeds $75,000.00.

### 3. Venue.

8. Venue is proper in this Court pursuant to 28 U.S.C. §93(c) because it is the "district and division within which such action is pending." See 28 U.S.C. §1446(a).

### 4. Intradistrict Assignment.

9. Civil Local Rule 3-5(b) requires a separate paragraph entitled "Intradistrict Assignment." This action is currently pending in the Alameda County Superior Court. The United States District Court for the Northern District of California embraces Alameda County and therefore, the Northern District of California is a proper venue for the action. 28 U.S.C. §84(a); 28 U.S.C. §1446(a). Assignment to this court is proper under the Civil Local Rules because the action arises in Alameda County, Civil Local Rule 3-5(b), 3-2(c) and (d).

### 5. Consent to Removal.

10. Defendant RANDLETT, the only defendant in this action, consents to the removal of this action to this Court.

### 6. No Prior Request.

11. No previous request has been made for the relief requested herein.

### 7. Notice to State Court and Adverse Party.

12. Defendant RANDLETT is filing written notice of this removal with the Clerk of the State Court in which the Action is currently pending pursuant to 28 U.S.C. §1446(d). Defendant is serving a copy of Notice to Adverse Party of Removal to Federal Court, together with this Notice of Removal, upon the plaintiff pursuant to 28 U.S.C. §1446(d). A copy of the Notice to Clerk of the Superior Court of Alameda and to Adverse Party of Removal to Federal Court that will be filed is attached as **Exhibit B**. Defendant will separately file a proof of service with this Court once it serves the Notice to the Clerk of the Superior Court of Alameda County and to Adverse Party of Removal to Federal Court on the parties.

### 8. Demand for Trial by Jury.

13. Defendant RANDLETT hereby demands trial by jury. FRCP 38(b); Civil Local Rule

3-6.

**WHEREFORE,** defendant, VICTORIA RANDLETT, hereby removes the Action now pending against her in the Superior Court of the State of California, County of Alameda, to this Honorable Court.

DATED: March 20, 2008

_____
HAROLD M. JAFFE, ESQ., Attorney for Defendant
VICTORIA RANDLETT

|  |  |
|---|---|
| JEFFERSON FRAZIER, State Bar No. 40803<br>LAW OFFICES OF JEFFERSON FRAZIER<br>3824 Grand Avenue, Suite 200<br>Oakland, California 94610<br>Telephone: 510-763-4400<br>Facsimile: 510-763-4420<br>email: frazlaw@yahoo.com<br><br>Attorney for Plaintiff<br>RONALD J. HITCH | FILED BY FAX<br>ALAMEDA COUNTY<br>February 08, 2008<br>CLERK OF<br>THE SUPERIOR COURT<br>By Rosanne Case, Deputy<br>CASE NUMBER:<br>RG08370390 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

NORTHERN DIVISION

RONALD J. HITCH,

        Plaintiff,

vs.

VICTORIA RANDLETT, and
DOES 1 through 50,
INCLUSIVE,

        Defendants.

Case No.

**COMPLAINT FOR DECLARATORY RELIEF, PARTITION OF REAL PROPERTY AND FOR AN ACCOUNTING, FOR EQUITABLE TITLE OR EQUITABLE LIEN, AND FOR AN INJUNCTION**

Plaintiff RONALD J. HITCH, by way of this <u>verified</u> Complaint, alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff RONALD C. HITCH is a resident of Alameda County, California, and the equitable owner of that certain real property with improvements which is commonly known as 5614 Picardy Drive, Oakland California (referred to in this Complaint as the "PICARDY

1

**EXHIBIT A-1**

1  PROPERTY"). Said property is more particularly described as:

3  **Lot 10, "Map of Normandy Garden, Oakland", filed**
4  **February 18, 1926, Map Book 5, Page 45, Alameda County Records**
5  **(AP No. 038-3171-012).**
6  Said property consists of a single-family residence with other
7  improvements.

8  2. Plaintiff HITCH purchased the PICARDY PROPERTY in or about
9  February 1997, from Emilia Levin Vilenski, for the sum of
10 approximately $169,000. HITCH took subject to the existing first
11 deed of trust, and gave the seller a note secured by a deed of
12 trust in second position in the amount of $98,586, due August 30,
13 1999. The down payment was made solely out of Plaintiff's funds.

14 3. Defendant VICTORIA RANDLETT is a resident of Reno, Nevada.
15 From in or about 1996, when she divorced her then husband to be
16 with Plaintiff, until in or about August 2005, Plaintiff and
17 Defendant RANDLETT enjoyed a close and intimate personal
18 friendship. From 1997 until approximately January 2001 RANDLETT
19 lived with Plaintiff at the PICARDY PROPERTY while Defendant was in
20 graduate school, and Plaintiff paid all the bills for the property.

21 4. At some time between 1997 and 1999, Plaintiff HITCH asked
22 Defendant RANDLETT to take legal title to the PICARDY PROPERTY
23 solely for credit reasons and she agreed. At all times
24 herein mentioned Defendant RANDLETT has held title in constructive
25 trust as to a one-half interest for Plaintiff HITCH, with a duty to
26 convey all of her right, title and interest in the PICARDY PROPERTY
27 upon demand and an accounting.

28 5. Pursuant to an executed verbal agreement of the parties,

COMPLAINT FOR DECLARATORY RELIEF      2

1 made in or about December 1999, they agreed to become 50-50
2 partners in the PICARDY PROPERTY, until such time as the parties
3 ended their relationship, at which time Plaintiff would have a
4 right to an accounting, and to purchase Defendant RANDLETT's one-
5 half interest PICARDY DRIVE.

6   6.  Plaintiff and Defendant have refinanced the PICARDY
7 PROPERTY several times, each time withdrawing money from the loan
8 proceeds. At the present time the PICARDY PROPERTY is encumbered
9 by a first deed of trust in favor of Wachovia Bank, formerly World
10 Savings, in the original amount of $310,000, recorded on July 12,
11 2007, in the Official Records of Alameda County, California, as
12 Instrument No. 2007-256669.

13   7.  At all times since February 1997 Plaintiff HITCH has
14 resided in the PICARDY PROPERTY, and paid all the expenses of the
15 property. In addition, Plaintiff provided labor and materials to
16 make improvements to the property in the approximate amount of
17 $50,000, for which RANDLETT has never reimbursed Plaintiff. At all
18 times since 1997 the parties both considered the PICARDY PROPERTY
19 to be Plaintiff's home.

20   8.  Since 1999, Defendant RANDLETT has received loan proceeds
21 out of the PICARDY PROPERTY in the total amount of approximately
22 $138,117, for which she has never reimbursed Plaintiff.

23   9. On or about December 6, 2000, Plaintiff HITCH and Defendant
24 RANDLETT together purchased that certain real property consisting
25 of a single family residence with improvements commonly known as 984
26 University Terrace, Reno, Nevada 89503 (the RENO PROPERTY).
27 Although record title to this property was put in RANDLETT's name,
28 for credit reasons, Plaintiff HITCH at all times herein mentioned

COMPLAINT FOR DECLARATORY RELIEF   3

1  was an owner of a one-half interest in the RENO PROPERTY, pursuant
2  to the executed oral agreement of the parties. In reliance on this
3  agreement, Plaintiff expended the sum of approximately $77,000 in
4  labor and materials in improvements to the RENO PROPERTY, for which
5  Defendant RANDLETT is obligated to reimburse him. In addition, the
6  money used to purchase the RENO PROPERTY, in the approximate amount
7  of $17,858, came out of the PICARDY PROPERTY.
8      10. At all times since January 9, 2001, Defendant RANDLETT has
9  resided in the Nevada property, and has made all of the payments
10 relating to that property, including mortgage, insurance and taxes.
11 Plaintiff HITCH has at all time since that time had a key and
12 complete access to that property as an equal owner, and has stayed
13 there on many occasions.
14     11. On or about January 4, 2008, Defendant RANDLETT unlawfully
15 and in violation of the parties' agreement, demanded that Plaintiff
16 HITCH vacate the PICARDY PROPERTY on or before February 15, 2008,
17 or sign a rental agreement.
18     12. Plaintiff does not know the true names or capacities
19 of Defendants DOES 1 through 50, and therefore sues said
20 Defendants by such fictitious names. Plaintiff will amend this
21 Complaint to show their true names and capacities when they have
22 been ascertained. DOES 1 through 24 have, or claim to have, some
23 right, title, or interest in the real property which is the subject
24 of this lawsuit. DOES 25 through 50 were the agents or employees
25 of other actually-named or fictitiously-named Defendants, and, in
26 doing the acts and omissions hereinafter alleged, were acting
27 in the course and scope of their agency and employment, and with
28 the permission and consent or other actually-named or fictitiously-

1 named Defendants.

2

### FIRST CAUSE OF ACTION

#### (For Declaratory Relief)

13. Plaintiff realleges and incorporates herein by this reference all of the allegations contained in the General Allegations as set forth above, paragraphs 1 through 12.

14. An actual controversy has arisen and now exists between Plaintiff HITCH and Defendant RANDLETT in that Plaintiff contends that he is entitled, in equity, and pursuant to the parties' executed oral agreement, to one-half of the right, title and interest in the PICARDY PROPERTY and the RENO PROPERTY, after an accounting, whereas Defendant RANDLETT contends that Plaintiff HITCH has no right, title or interest in either property. Plaintiff further contends that he is entitled to be reimbursed, in equity, for all the labor and material which he provided for improvements to the NEVADA PROPERTY in the amount of approximately $77,000, for the improvements he made to the PICARDY PROPERTY in the amount of approximately $50,000, and for the funds taken out of the PICARDY PROPERTY by Defendant RANDLETT in the amount of approximately $138,117.

15. Plaintiff desires a judicial determination of his rights and duties and a declaration as to whether Defendant RANDLETT has any right, title, estate, easement, license or interest in any portion of the PICARDY PROPERTY.

16. A judicial declaration of the rights and obligations of the parties is necessary and appropriate so that the continuing disputes can be resolved.

COMPLAINT FOR DECLARATORY RELIEF     5

1  WHEREFORE Plaintiffs pray for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (FOR PARTITION OF REAL PROPERTY AND ACCOUNTING)

5   17. Plaintiff realleges and incorporates herein by this reference all of the allegations of paragraphs 1 through 12 of the General Allegations as set forth above.

8   18. Plaintiff is informed and believes, and on that basis alleges that the interest of record or actually known to Plaintiff that other persons have, or claim, in the Property that Plaintiff reasonably believes will be materially affected by this partition, in addition to Plaintiff HITCH and Defendant RANDLETT, is Wachovia Bank, which holds a first deed of trust on the subject property, securing a note in the original amount of $310,000.

15   19. The estate on which partition is sought is the estate containing the fee title to the PICARDY PROPERTY, as described in the General Allegations.

18   20. Plaintiff requests that the property be partitioned by sale, in that it is neither legal nor practical for the property to be physically divided.

21   21. Plaintiff brings this action for partition under Code of Civil Procedure Section 872.010 et seq. for the common benefit of the parties, to preserve and secure to both Plaintiff and Defendant RANDLETT their respective rights and interests in the PICARDY PROPERTY. Plaintiff has incurred and will incur costs of partition herein, including reasonable attorney fees and other costs for the common benefit, for which he is entitled to be reimbursed by Defendant RANDLETT.

COMPLAINT FOR DECLARATORY RELIEF     6

22. Plaintiff has been compelled to order a title search prior to filing this Complaint, which will be made available to Defendant RANDLETT upon request, and is entitled to be reimbursed by Defendant for her proportionate share of the reasonable cost thereof, with interest on that amount from the date of filing of this Complaint.

23. Plaintiff is entitled to an accounting of all monies expended by Plaintiff or Defendant in connection with the PICARDY PROPERTY, or by Plaintiff in connection with the RENO property, and of all monies received by Defendant RANDLETT in the form of loan proceeds from PICARDY DRIVE, as a credit against any interest of Defendant RANDLETT in the PICARDY PROPERTY.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (FOR EQUITABLE TITLE BASED ON CONSTRUCTIVE TRUST OR RESULTING TRUST OR TO IMPOSITION OF AN EQUITABLE LIEN)

24. Plaintiff realleges and incorporates herein by this reference all of the allegations of paragraphs 1 through 12 of the General Allegations.

25. Plaintiff is entitled, in equity, either to ownership of the PICARDY PROPERTY pursuant to the doctrine of resulting trust or constructive trust, or to an equitable lien against any interest by Defendant RANDLETT in the PICARDY PROPERTY as set forth above, and that said equitable lien be foreclosed.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### (FOR INJUNCTIVE RELIEF AGAINST DEFENDANT RANDLETT AND HER AGENTS)

26. Plaintiff realleges and incorporates herein by this

COMPLAINT FOR DECLARATORY RELIEF    7

reference all of the allegations contained in paragraphs 1 through 12 of the General Allegations.

27. Plaintiff has no plain, simple or adequate remedy at law.

28. Unless enjoined by this Court, Plaintiff is informed and believes and on that basis alleges that Defendant RANDLETT will serve eviction notices on Plaintiff and proceed with an unlawful detainer action against Plaintiff for possession of the PICARDY DRIVE property.

29. Accordingly, Plaintiff asks the Court, under its equitable powers, to enter a temporary injunction against Defendant RANDLETT, and her agents, enjoining said Defendant, and her agents, from commencing or proceeding with an unlawful detainer action against Plaintiff HITCH until this action can be resolved.

WHEREFORE Plaintiff prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:**

1. That the Court enter a judgment declaring the rights and obligations of the parties, and finding that Defendant RANDLETT has only a one-half interest in the PICARDY PROPERTY, and that Plaintiff HITCH is the owner of said property in fee simple, as to a one-half interest, with the right to purchase Defendant RANDLETT's one-half interest after an accounting.

2. For costs of suit.

3. For such other and further relief as the Court deems just and proper in the premises.

**ON THE SECOND CAUSE OF ACTION FOR PARTITION:**

1. That the Court enter an interlocutory decree of partition, establishing the fair market value of the PICARDY PROPERTY, and

enforcing Plaintiff's right to buy out Defendant RANDLETT's one-half interest in the property.

    2. Alternatively, that the Court order the PICARDY PROPERTY be listed and sold, and the proceeds divided according to the respective rights of the parties, and appointing a referee to supervise the sale.

    3. For Defendant's pro rata share of the expenses reasonably incurred by Plaintiff in obtaining a title report, in the amount of $175, together with interest on said sum from February 7, 2008.

    4. That the costs of partition and of this action, including reasonable attorney fees for the common benefit, and the expenses of referees and other disbursements, be ordered paid by the parties in proportion to their respective interests, and that the costs be included and specified in the judgment, and become a lien upon the respective interests of the parties.

    5. For an accounting of credits and debits for the Plaintiff and Defendant RANDLETT.

    6. For costs of suit.

    7. For such other and further relief as the Court deems just and proper in the premises.

**ON THE THIRD CAUSE OF ACTION FOR EQUITABLE TITLE OR AN EQUITABLE LIEN AFFECTING THE PICARDY PROPERTY:**

    1. That the Court find that Plaintiff HITCH holds equitable title to the PICARDY PROPERTY, which should be recognized as legal title, pursuant to the doctrines of resulting trust or constructive trust.

    2. Alternatively, that the Court find that Plaintiff HITCH is entitled to an equitable lien against Defendant RANDLETT and

| | | |
|---|---|---|
| 1 | 1 | against the PICARDY PROPERTY, as set forth above. |
| 2 | 2 | 3. For such other and further relief as the Court deems |
| 3 | 3 | just and proper in the premises. |
| 4 | 4 | 4. For costs of suit. |
| 5 | 5 | **ON THE FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF:** |
| 6 | 6 | 1. That the Court enter a temporary restraining order, |
| 7 | 7 | preliminary injunction, and permanent injunction restraining |
| 8 | 8 | Defendant RANDLETT, and all of her agents, from initiating or |
| 9 | 9 | prosecuting an unlawful detainer action against Plaintiff |
| 10 | 10 | involving the PICARDY PROPERTY. |
| 11 | 11 | 2. For costs of suit. |
| 12 | 12 | 3. For such other and further relief as the Court deems |
| 13 | 13 | just and proper in the premises. |
| 14 | 14 | DATED: February 7, 2008 |
| 15 | 15 | LAW OFFICES OF JEFFERSON FRAZIER |
| 16 | 16 | |
| 17 | 17 | By: _[signature]_ |
| 18 | 18 | Jefferson Frazier |

COMPLAINT FOR DECLARATORY RELIEF    10

**VERIFICATION**

RONALD J. HITCH declares:

1. I am an individual who resides in Alameda County, California, and the Plaintiff in the above-entitled lawsuit, entitled <u>Hitch v. Randlett.</u>

2. I have read the foregoing **COMPLAINT**.

3. I declare that the Matters set forth therein are true of my own knowledge, except as to the matters stated on information and belief, and as to these matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 7th, 2008

_____
RONALD J. HITCH

RCD

1  JEFFERSON FRAZIER, State Bar No. 40803
   LAW OFFICES OF JEFFERSON FRAZIER
2  3824 Grand Avenue, Suite 200
   Oakland, California  94610
3  Telephone: 510-763-4400
   Facsimile: 510-763-4420
4  frazlaw@yahoo.com

5  Attorney for Plaintiff
   RONALD J. HITCH

FILED
ALAMEDA COUNTY
FEB 13 2008
CLERK OF THE SUPERIOR COURT
By_____ Deputy

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      COUNTY OF ALAMEDA
10                     NORTHERN DIVISION

12  RONALD J. HITCH,                )  Case No. RG08370390
                                    )
13            Plaintiff,            )
                                    )
14                                  )  NOTICE OF PENDENCY
                                    )  OF ACTION
15  vs.                             )
                                    )
16                                  )
                                    )
17  VICTORIA RANDLETT, and Does 1   )
    through 50, inclusive,          )
18                                  )
                                    )
19                                  )
                                    )
20            Defendants.           )

22  NOTICE IS HEREBY GIVEN THAT on February 8, 1008 Plaintiff
23  RONALD J. HITCH commenced this action against Defendant VICTORIA
24  RANDLETT and Does 1 through 50, and is now pending.
25       The Complaint alleges a real property claim affecting real
26  property located in Alameda County, California, commonly known
27  as 5614 Picardy Drive, Oakland, California, and described as
28  as follows:

NOTICE OF PENDENCY OF ACTION          1          EXHIBIT A-2

Case 3:08-cv-01397-MHP    Document 11    Filed 03/20/2008    Page 17 of 19
Case 3:08-cv-01397-MHP    Document 1-3    Filed 03/12/2008    Page 2 of 2

1     **"Lot 10, "Map of Normandy Garden, Oakland", filed**
2 **February 18, 1926, Map Book 5, Page 45, Alameda County**
3 **Records"**
4 Assessor's Parcel No. 038-3171-012
5     The Complaint seeks declaratory relief, partition of
6 real property and for an accounting, for equitable title or
7 equitable lien, and for an injunction.
8 Dated: February 11, 2008

_____
Jefferson Frazier
Attorney for Plaintiff

1  **HAROLD M. JAFFE, ESQ.**
   CASB #57397
2  3521 Grand Avenue
   Oakland, CA 94610
3  Tel: (510) 452-2610
   Fax: (510) 452-9125
4
   Attorney for Defendant VICTORIA RANDLETT
5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF ALAMEDA

10

11 | RONALD J. HITCH,                CASE NO. RG08 370390

12 |                                 **NOTICE TO THE CLERK OF THE SUPERIOR COURT OF ALAMEDA COUNTY AND TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**
   |       Plaintiff,
13 |
   | vs.
14 |

15 | VICTORIA RANDLETT, and DOES 1
   | through 50, inclusive,
16 |

17 |       Defendants.
   | _____/
18

19       TO THE CLERK OF THE SUPERIOR COURT OF ALAMEDA COUNTY,

20  CALIFORNIA, AND TO PLAINTIFF, RONALD J. HITCH, AND HIS COUNSEL OF

21  RECORD:

22       **PLEASE TAKE NOTICE** that on March 12, 2008, defendant VICTORIA RANDLETT,

23  filed a Notice of Removal of this Action in the United States District Court for the Northern District

24  of California. A copy of the Notice of Removal is attached hereto as **Exhibit A**. The assigned case

25  number is _____. This Notice, together with the Notice of Removal, is being served on

26  plaintiff and filed in the Superior Court of the State of California, County of Alameda.

27       **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1446(d), upon filing

28  the Notice of Removal with the Clerk of the United States District Court for the Northern District

1  of California, and filing copies thereof with this Court, defendant VICTORIA RANDLETT has

2  effected the removal of this case, and the Superior Court shall take no further action unless and until

3  the case is remanded.

4

5  DATED: March 11, 2008

                                /s/ Harold M. Jaffe
6                                  HAROLD M. JAFFE, ESQ., Attorney for Defendant
                                VICTORIA RANDLETT

2