**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendant VICTORIA RANDLETT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD J. HITCH,<br><br>    Plaintiff,<br><br>vs.<br><br>VICTORIA RANDLETT, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/<br>VICTORIA RANDLETT,<br><br>    Counterclaimant,<br><br>vs.<br><br>RONALD J. HITCH,<br><br>    Counterdefendant.<br>_____/ | CASE NO. C08-01397 MHP<br><br>**COUNTERCLAIM FOR BREACH OF CONTRACT, ACCOUNT STATED AND NUISANCE**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW,** counterclaimant, VICTORIA RANDLETT ("RANDLETT"), and counterclaims against counterdefendant, RONALD J. HITCH ("HITCH"), as follows.

**GENERAL ALLEGATIONS**

1. Counterclaimant RANDLETT is and has been at all times herein mentioned, a resident and citizen of Washoe County, Reno, Nevada, and is the sole owner of the real property located at 5614 Picardy Drive, Oakland, California (the "Picardy Property").

2. Counterclaimant RANDLETT is informed and believes that at all times herein mentioned, counterdefendant HITCH, has been a resident and citizen of Alameda County, California.

**WHEREFORE,** counterclaimant prays for judgment against counterdefendant as hereinafter set forth.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

3. Counterclaimant hereby incorporates paragraphs 1 through 2 above as if set forth in full herein.

4. On or about November 24, 2000, counterclaimant RANDLETT and counterdefendant HITCH entered into a written agreement entitled Repayment Program, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

5. Counterclaimant has performed all conditions, covenants and promises required by her on her part to be performed in accordance with the terms and conditions of Exhibit A.

6. Over the Memorial Day weekend in 2007, counterdefendant HITCH breached Exhibit A by stating that he "owed RANDLETT nothing" as a result of Exhibit A.

7. As a result of HITCH's breach of Exhibit A, counterclaimant has been damaged in the sum of $161,700 plus interest in a sum according to proof.

**WHEREFORE,** counterclaimant prays for judgment against counterdefendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Account Stated)

8. Counterclaimant hereby incorporates paragraphs 1 through 7 above as if set forth in full herein.

9. Four years last past, an account was stated in writing, by and between, counterclaimant RANDLETT and counterdefendant HITCH, where it was agreed that HITCH was indebted to RANDLETT in the sum of $161,700 and interest, according to proof.

10. Neither all or any part of said $161,700 has been paid by HITCH to RANDLETT, although demand therefore has been made, and there is now due, owing and unpaid the sum of $161,700 plus interest thereon at the legal rate from and after November 24, 2000.

**WHEREFORE,** counterclaimant prays for judgment against counterdefendant as hereinafter set forth.

///

**THIRD CAUSE OF ACTION**

**(Nuisance)**

11. Counterclaimant hereby incorporates paragraphs 1 through 10 above as if set forth in full herein.

12. Counterdefendant HITCH, who is occupying the Picardy Property, made alterations to the Picardy Property which included but are not limited to, installing a furnace, which cross-claimant is informed and believes was not installed according to Code, was installed without a permit, and constitutes an unlawful alteration of the premises and a potential hazard to the Picardy Property owed by RANDLETT. In addition to the installation of the aforementioned furnace, RANDLETT is informed and believes and thereon alleges that HITCH has made modifications to the Picardy Property for which no permit(s) were obtained, and/or said modifications were not done according to the applicable Building Code(s).

13. At some time after July 2006, RANDLETT learned that a remodel of the upstairs portion of the Picardy Property had been done by HITCH without permits. On or about February 2, 2008, RANDLETT learned of the installation of a furnace/heater which was not installed according to applicable Building Code(s).

14. Counterdefendant, HITCH, will, unless restrained by this Court, continue to maintain the nuisance and continue the acts complained of and each and every has been and will be, without the consent of RANDLETT, and in violation of the rights of RANDLETT as *inter alia* owner of the Picardy Property.

15. As a proximate result of the nuisance created by HITCH, RANDLETT has been and will be damaged for the cost to abate said nuisance in a sum according to proof.

**THEREFORE,** counterclaimant prays for judgment against counterdefendant as follows:

**PRAYER**

**ON THE FIRST AND SECOND CAUSES OF ACTION**

1. For damages in the sum of $161,700 plus interest thereon at the legal rate from and after November 24, 2000.

///

### ON THE THIRD CAUSE OF ACTION

1. For preliminary and permanent injunction enjoining HITCH and his agents, servants, and employees and anyone acting in consort with HITCH, from continuing to maintain on the Picardy Property any condition that constitutes a nuisance, including but not limited to, the furnace installed without permit and without compliance with applicable Building Codes, making any alterations to the premises without permits.

2. For general damages in a sum according to proof.

### ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein.

2. For such other and further relief as this Court deems just and proper.

DATED: March 31, 2008                /S/_____
                                      HAROLD M. JAFFE, ESQ., Attorney for Counter-
                                      Claimant  VICTORIA RANDLETT

### DEMAND FOR JURY TRIAL

_____Counterclaimant hereby demands a jury trial.

DATED: March 31, 2008                /S/_____
                                      HAROLD M. JAFFE, ESQ., Attorney for Counter-
                                      Claimant  VICTORIA RANDLETT

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. I am an employee of Harold M. Jaffe, and my business address is 3521 Grand Avenue, Oakland, CA 94610.

On the dated herein below stated, I caused to be served by mail the following documents:

**~COUNTERCLAIM FOR BREACH OF CONTRACT, ACCOUNT STATED AND NUISANCE, DEMAND FOR JURY TRIAL**

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business.

On March 31, 2008, at my place of business in Oakland, California, I placed the envelope containing the above-mentioned document(s) for collection and mailing following ordinary business practice.

I enclosed a true and correct copy of said documents in an envelope, addressed as follows:

Jefferson Frazier, Esq.
LAW OFFICES OF JEFFERSON FRAZIER
3824 Grand Avenue, Ste. 200
Oakland, CA 94610

_____/s/_____
BEVERLY BAKER

## Attachment B
## Repayment Program

This is a statement of intent by Picardy LLC member Ronald Hitch to repay to Picardy LLC member Victoria Randlett her investment in Picardy LLC, which is the financing medium for a Joint Venture between Costa Loma, Ltd. and Picardy, LLC.

1. The amount of $161,700, which represents 70% of $231,000, plus interest, is to be considered as a debt by Ronald Hitch to Victoria Randlett.

2. This debt is to be repaid by Mr. Hitch at a rate to be determined over a period of time as yet to be determined.

3. Mr. Hitch and Ms. Randlett acknowledge that this is an initial agreement only, and shall remain in effect until such time as an amended agreement shall be finalized. The final agreement shall be executed no later than sixty (60) days from the start of oil production from the first new Costa Loma/Picardy JV well.

Signed:

_____          _24 Nov 2000_
Victoria S. Randlett                                       Date

_____          _24 Nov. 2000_
Ronald J. Hitch                                             Date



EXHIBIT A