JEFFERSON FRAZIER, CA STATE BAR NO. 40803
LAW OFFICE OF JEFFERSON FRAZIER
3824 Grand Avenue, Suite 200
Oakland, CA 94610
Tel: 510-763-4400
Fax: 510-763-4420
frazlaw@yahoo.com

Attorney for Plaintiff and
Counterdefendant RONALD J. HITCH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. HITCH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VICTORIA RANDLETT, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>_____/<br>VICTORIA RANDLETT,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>RONALD J. HITCH,<br><br>　　　　Counterdefendant.<br>_____/ | Case No. CO8-01397 MHP<br><br>**COUNTERDEFENDANT RONALD J. HITCH'S ANSWER TO VICTORIA RANDLETT'S COUNTERCLAIM** |

Counterdefendant RONALD J. HITCH responds to the <u>unverified</u> counterclaim of VICTORIA RANDLETT in this matter as follows:

**ANSWER TO GENERAL ALLEGATIONS**

　　1.　Answering paragraph 1, this counterdefendant admits that counterclaimant RANDLETT is and has been a resident of the State of Nevada, and denies the remaining allegations of said

**ANSWER TO COUNTERCLAIM**　　　　　　　　1

1 paragraph.

2  2.  Answering paragraph 2, this counterdefendant admits the
3 allegations of this paragraph.

**ANSWER TO FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

3.  Answering paragraph 3, counterdefendant incorporates his responses to the allegations of paragraphs 1 through 2 above.

4.  Answering paragraph 4, counterdefendant admits that he and counterclaimant RANDLETT signed Exhibit "A" to the counterclaim, and affirmatively alleges that: (1) Exhibit "A" relates to an oil well drilling venture known as "Picardy LLC", as the document states in paragraph 3, and not to the Picardy Drive real property; (2) Exhibit "A" is a portion of the operating agreement for Picardy LLC; (3)  that the oil well was unsuccessful; and (4) that no money is owing under the operating agreement because counterdefendant has reimbursed counterclaimant for the all of the funds she claims.

5.  Answering paragraph 5, counterdefendant denies each and every,  all and singular, of the allegations of said paragraph.

6.  Answering paragraph 6, counterdefendant denies each and every, all and singular, of the allegations of said paragraph.

7.  Answering paragraph 7, counterdefendant denies each and every, all and singular, of the allegations of said paragraph, and further denies that counterclaimant has been damaged in any amount whatsoever.

WHEREFORE counterdefendant prays for judgment as hereinafter set forth.

**ANSWER TO SECOND CAUSE OF ACTION**

8.  Answering paragraph 8, counterdefendant incorporates

by this reference all of his responses to the allegations of paragraphs 1 through 7 of the Counterclaim.

9. Answering paragraph 9, counterdefendant denies each and every, all and singular, of the allegations of said paragraph.

10. Answering paragraph 10, counterdefendant admits that none of funds described in Exhibit "A" have been repaid, and, except as admitted herein, denies all of the remaining allegations of said paragraph.

WHEREFORE, counterdefendant prays for judgment as hereinafter set forth.

**ANSWER TO THIRD CAUSE OF ACTION**

11. Answering paragraph 11, counterdefendant incorporates herein by this reference all of his responses to the allegations of paragraphs 1 through 10 of the counterclaim.

12. Answering paragraph 12, counterdefendant admits that he has made some alterations to the real property at 5614 Picardy Drive, Oakland, California, that some repairs were made without obtaining permits or final inspections, and denies each and every, all and singular, of the remaining allegations of paragraph 12.  Counterdefendant affirmatively alleges that counterclaimant RANDLETT knew of the improvements before they were made and made no objection to counterdefendant HITCH doing the work without permits.

13. Answering paragraph 13, counterdefendant admits that he installed a furnace/heater at the Picardy property, and denies all of the remaining allegations of said paragraph.

14. Answering paragraph 14, counterdefendant denies each

**ANSWER TO COUNTERCLAIM**                         3

1 and every, all and singular, of the remaining allegations of said
2 paragraph.
3     15. Answering paragraph 15, counterdefendant denies each
4 and every, all and singular, of the allegations contained
5 therein.
6 WHEREFORE counterdefendant prays for judgment as hereinafter set
7 forth.

### FIRST AFFIRMATIVE DEFENSE

The counterclaim, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this counterdefendant.

### SECOND AFFIRMATIVE DEFENSE

The counterclaim, and each cause of action therein, is barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The counterclaim, and each cause of action therein, is barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaim, and each cause of action therein, is barred based on the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The counterclaim, and each cause of action therein, is barred based on the doctrine of assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

The counterclaim and each cause of action therein, is barred by the counterclaimant's failure to mitigate damages, if any.

**ANSWER TO COUNTERCLAIM**     2

**SEVENTH AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on the doctrines of ratification and exoneration.

**EIGHTH AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on the failure of consideration on the part of counterclaimant.

**NINTH AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on the counterclaimant's failure to perform under the terms of the alleged contract, which is a condition precedent to any duty on the part of counterdefendant.

**TENTH AFFIRMATIVE DEFENSE**

The damages claimed by counterclaimant were caused by the acts or omissions of parties other than this counterdefendant, by reason of which counterdefendant is entitled to have the damages, if any, apportioned such that the counterdefendant is only responsible to the extent that its acts or omissions contributed to the counterclaimant's damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

The damages, if any, claimed by counterclaimant were caused in whole or in part by the acts or omissions of parties other than this counterdefendant.

**TWELFTH AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on the counterclaimant's own failure to mitigate her damages.

1           **THIRTEENTH AFFIRMATIVE DEFENSE**
2       Counterclaimant's right to recovery is barred based on the
3   doctrine of illegality.
4           **FOURTEENTH AFFIRMATIVE DEFENSE**
5       Counterclaimant's claims are barred by the doctrine of
6   unjust enrichment.
7           **FIFTEENTH AFFIRMATIVE DEFENSE**
8       Counterclaimant's claims are barred by the counterclaimant's
9   own breach of the covenant of good faith and fair dealing, and
10  her own unconscionable acts.
11          **SIXTEENTH AFFIRMATIVE DEFENSE**
12      Counterclaimant's claims are barred by her own breach of the
13  alleged contract.
14          **SEVENTEENTH AFFIRMATIVE DEFENSE**
15      Counterclaimant's claims are barred by the doctrine of
16  laches.
17          **EIGHTEENTH AFFIRMATIVE DEFENSE**
18      The counterclaim and each cause of action therein, is barred
19  based on the applicable provisions of the Statute of Limitations,
20  Code of Civil Procedure Sections 337 through 340.
21          **NINETEETH AFFIRMATIVE DEFENSE**
22      The counterclaim and each cause of action therein, is barred
23  by the doctrine of novation.
24          **TWENTIETH AFFIRMATIVE DEFENSE**
25      The counterclaim and each cause of action therein, is barred
26  based on the doctrine of accord and satisfaction.
27
28

**ANSWER TO COUNTERCLAIM**          4

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on the Statute of Frauds.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The counterclaim and each cause of action therein, is barred based on counterclaimant's own lack of standing or of capacity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE TO THE THIRD CAUSE OF ACTION**

The Third Cause of Action is barred in that money damages are adequate.

WHEREFORE counterdefendant prays that:

1.  Counterclaimant take nothing by virtue of her counterclaim.

2.  Should counterclaimant be awarded any damages, those damages should be reduced as a result of counterclaimant's own acts or omissions.

3.  For costs of suit.

4.  For such other and further relief as the Court deems just and proper.

DATED: April 17, 2008

By:/s/_____

Jefferson Frazier

Attorney for Counterdefendant

RONALD J. HITCH

**ANSWER TO COUNTERCLAIM**          4

**PROOF OF SERVICE BY MAIL**
**C.C.P. 1013a, 2015.5, 415.40**

Jefferson Frazier declares:

I am a citizen of the United States and am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within cause; my business address is 3824 Grand Avenue, Suite 200, Oakland, California 94610.

On the date set forth below, I served **COUNTERDEFENDANT RONALD J. HITCH'S ANSWER TO VICTORIA RANDLETT'S COUNTERCLAIM** on the PERSON below, addressed as follows:

> Harold M. Jaffe
> 3521 Grand Avenue,
> Oakland, CA 94610

__X__   By United States Postal Service, first-class mail, postage prepaid, by depositing a sealed envelope containing a true copy thereof, in the mail at Oakland, California, with fees fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 18, 2008

> /s/_____
> Jefferson Frazier