**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendant VICTORIA RANDLETT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. HITCH,<br><br>    Plaintiff,<br><br>vs.<br><br>VICTORIA RANDLETT, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C08-01397 MHP<br><br>**DEFENDANT VICTORIA RANDLETT'S FIRST AMENDED ANSWER TO PLAINTIFF RONALD J. HITCH'S COMPLAINT FOR DECLARATORY RELIEF, PARTITION OF REAL PROPERTY AND FOR AN ACCOUNTING, FOR EQUITABLE TITLE OR EQUITABLE LIEN, AND FOR AN INJUNCTION** |

   Defendant VICTORIA RANDLETT ("RANDLETT"), hereby files a **first amended** answer to the complaint of plaintiff, RONALD J. HITCH ("HITCH"), as follows.

## ANSWER TO GENERAL ALLEGATIONS

   1.   Answering paragraph 1, this answering defendant admits that plaintiff HITCH is a resident of Alameda County, California. Defendant further admits that the real property commonly known as 5614 Picardy Drive, Oakland, California (the "Picardy Property"), has the legal description set forth in ¶1, and that the Picardy Property consists of a single family residence. Except as expressly admitted herein, the remaining allegations contained in ¶1 are denied.

   2.   Answering paragraph 2, this answering defendant denies the allegations contained therein.

   3.   Answering paragraph 3, this answering defendant admits that as of the date of the filing of this complaint, she was a resident of Reno, Nevada, and that from 1997 until approximately

1

1  January 2001, defendant lived with plaintiff at the Picardy Property. Except as expressly admitted
2  herein, the remaining allegations contained in ¶3 are denied.
3       4.     Answering paragraph 4, this answering defendant denies the allegations contained
4  therein.
5       5.     Answering paragraph 5, this answering defendant denies the allegations contained
6  therein.
7       6.     Answering paragraph 6, this answering defendant admits that at the present time,
8  the Picardy Property is encumbered by a first deed of trust in favor of Wachovia Bank, formerly
9  World Savings, in the original sum of approximately $310,000., recorded July 12, 2007, in the
10 Official Records of Alameda County, California, as Instrument No. 2007-256669. Except as
11 expressly admitted herein, the remaining allegations contained in ¶6 are denied.
12      7.     Answering paragraph 7, this answering defendant admits that at times plaintiff has
13 resided at the Picardy Property. Except as expressly admitted herein, the remaining allegations
14 contained in ¶7 are denied.
15      8.     Answering paragraph 8, this answering defendant denies the allegations contained
16 therein.
17      9.     Answering paragraph 9, this answering defendant admits that the down payment for
18 the property commonly known as 984 University Terrace, Reno, Nevada (the "Reno Property") did
19 come out of an October 2000 loan secured by the Picardy Property. Except as expressly admitted
20 herein, the remaining allegations contained in ¶9 are denied.
21      10.    Answering paragraph 10, this answering defendant admits that she has resided at the
22 Reno Property since January 2001, and has made all the payments relating to the Reno Property.
23 Except as expressly admitted herein, the remaining allegations contained in ¶10 are denied.
24      11.    Answering paragraph 11, this answering defendant admits that on or about January
25 3, 2008, she sent a letter to HITCH, requesting that HITCH either purchase the Picardy Property,
26 sign a rental agreement for the Picardy Property, or vacate the Picardy Property. Except as expressly
27 admitted herein, the remaining allegations contained in ¶11 are denied.
28      12.    Answering paragraph 12, this answering defendant denies the allegations contained

therein based on lack of information and belief.

## ANSWER TO FIRST CAUSE OF ACTION
### [For Declaratory Relief]

13. Answering paragraph 13, this answering defendant hereby incorporates her responses to paragraphs 1 through 12 above as if set forth in full herein.

14. Answering paragraph 14, this answering defendant admits that plaintiff HITCH is alleging that he is entitled one-half of the right, title and interest in the Reno Property and the Picardy Property after an accounting; and that RANDLETT contends HITCH has no right, title or interest whatsoever in either property. Further, this answering defendant admits that plaintiff HITCH is alleging he is entitled to be reimbursed for labor and material provided for improvements to the Reno Property in the approximate amount of $77,000, and improvements to the Picardy Property in the approximate amount of $50,000, and for funds in the approximate sum of $138,117 allegedly taken out of the Picardy Property by RANDLETT. Except as expressly admitted herein, the remaining allegations contained in ¶14 are denied.

15. Answering paragraph 15, this answering defendant admits that plaintiff HITCH is alleging he is entitled to a judicial determination of his rights and duties and a declaration as to whether defendant RANDLETT has any right, title, estate, easement, license or interest in any portion of the Picardy Property.

16. Answering paragraph 16, this answering defendant denies the allegations contained therein.

**WHEREFORE,** defendant RANDLETT prays for judgment as hereinafter set forth.

## ANSWER TO SECOND CAUSE OF ACTION
### [For Partition of Real Property and Accounting]

17. Answering paragraph 17, this answering defendant hereby incorporates her responses to paragraphs 1 through 12 above as if set forth in full herein.

18. Answering paragraph 18, this answering defendant admits that Wachovia Bank holds a first deed of trust on the Picardy Property securing a note in the original amount of $310,000. Except as expressly admitted herein, the remaining allegations contained in ¶18 are denied.

19. Answering paragraph 19, this answering defendant admits that HITCH is requesting that the Picardy Property be partitioned. Except as expressly admitted herein, the remaining allegations of ¶19 are denied.

20. Answering paragraph 20, this answering defendant admits that HITCH is requesting the Picardy Property be partitioned by sale. Except as expressly admitted herein, the remaining allegations contained in ¶20 are denied.

21. Answering paragraph 21, this answering defendant admits that HITCH is alleging that he is bringing the instant action for partition under California Code of Civil Procedure §872.00, *et seq*. Except as expressly admitted herein, the remaining allegations contained in ¶21 are denied.

22. Answering paragraph 22, this answering defendant denies the allegations contained therein.

23. Answering paragraph 23, this answering defendant denies the allegations contained therein.

**WHEREFORE,** defendant RANDLETT prays for judgment as hereinafter set forth.

### ANSWER TO THIRD CAUSE OF ACTION
### [For Equitable Title Based on Constructive Trust or Resulting Trust or to Imposition of an Equitable Lien]

24. Answering paragraph 24, this answering defendant hereby incorporates her responses to paragraphs 1 through 12 above as if set forth in full herein.

25. Answering paragraph 25, this answering defendant denies the allegations contained therein.

**WHEREFORE,** defendant RANDLETT prays for judgment as hereinafter set forth.

### ANSWER TO FOURTH CAUSE OF ACTION
### [For Injunctive Relief Against Defendant Randlett and Her Agents]

26. Answering paragraph 26, this answering defendant hereby incorporates her responses to paragraphs 1 through 12 above as if set forth in full herein.

27. Answering paragraph 27, this answering defendant denies the allegations contained therein.

28.     Answering paragraph 28, this answering defendant alleges that RANDLETT is entitled to all relief allowed under applicable law. Except as expressly admitted herein, the remaining allegations contained in ¶28 are denied.

29.     Answering paragraph 29, this answering defendant denies the allegations contained therein.

**WHEREFORE,** defendants pray for judgment against plaintiff as hereinafter set forth.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

As a first, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering defendant.

#### Second Affirmative Defense

As a second, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that plaintiff was comparatively at fault in the manner and style as set forth in the case of <u>Li v. Yellow Cab Co.</u> *(1975) 13 C.3d 804*, and defendant prays that any and all damages sustained by said plaintiff be reduced by the percentage of its own negligence.

#### Third Affirmative Defense

As a third, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that, on information and belief, plaintiff's alleged damages, if any there were, were aggravated by the plaintiff's failure to use reasonable diligence to mitigate them.

#### Fourth Affirmative Defense

As a fourth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that said damages sustained by plaintiff was either wholly, or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant and said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

**Fifth Affirmative Defense**

As a fifth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the complaint is barred based on the applicable provisions of the statute of limitations, including but not limited to, Code of Civil Procedure §§337(1), 339(1) and 343.

**Sixth Affirmative Defense**

As a sixth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that plaintiff has waived its right to maintain the action filed in this case.

**Seventh Affirmative Defense**

As a seventh, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case.

**Eighth Affirmative Defense**

As an eighth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that plaintiff substantially and materially breached the obligation/contract complained of prior to the commencement of this action, which conduct, extinguishes the right to maintain the instant action.

**Ninth Affirmative Defense**

As a ninth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the action filed in this case is not maintainable under the doctrine of laches.

**Tenth Affirmative Defense**

As a tenth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the plaintiff in this case is guilty of "unclean hands" in the matters set forth in the complaint, which conduct extinguishes the right for legal and equitable relief in this action.

**Eleventh Affirmative Defense**

1  As an eleventh, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that plaintiff knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which it was engaged, but nevertheless, in knowing these things, did freely and voluntarily consent to assume all the risks and hazards involved in the undertaking.

**Twelfth Affirmative Defense**

As a twelfth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that it acted in good faith in the propriety of its actions.

**Thirteenth Affirmative Defense**

As a thirteenth, separate and distinct affirmative defense to plaintiff's complaint, and to each cause of action therein, this answering defendant alleges that the complaint is barred based on the statute of frauds.

**WHEREFORE,** this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint on file herein;
2. That any damages sustained by plaintiff be reduced by the percentage of its own negligence;
3. For costs of suit incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

DATED: June 16, 2008        /S/_____
                            HAROLD M. JAFFE, ESQ., Attorney for Defendant
                            VICTORIA RANDLETT